OSKALOOSA NATIONAL BUILDING, LOAN AND INVESTMENT
ASSOCIATION, Appellant, v. JACOB W. BAILEY and
RHODA BAILEY, Appellees.

**Appeal:** PRESERVATION OF EVIDENCE. Where the record on appeal
1  does not make it appear that the evidence was preserved by
proper certification, a trial of the case *de novo* is unauthorized.

**Appeal:** FAILURE TO DENY ABSTRACT: EFFECT. While a failure of
2  appellee to specifically deny appellant's abstract may operate
as a concession that the entire record is before the court, yet
it is not an admission that all the evidence was made of
record and properly certified.

**Building and loan associations:** LOANS. All payments made to a
3  building and loan association must be taken into consideration
in computing the amount due it on a loan.

**Foreclosure:** AMOUNT DUE: EVIDENCE. In the foreclosure of a
4  building and loan association mortgage, the evidence is re-
viewed and held sufficient to support the finding of the trial
court as to the amount due.

**Prejudice of trial court:** REVIEW. Counsel will not be permitted
5  on appeal to go outside of the record in charging the trial
court with prejudice.

*Appeal from Poweshiek District Court.*— HON. JOHN T.
SCOTT, Judge.

WEDNESDAY, JANUARY 10, 1906.

ACTION in equity to foreclose mortgage. There was a decree of foreclosure, but the plaintiff, claiming a greater recovery than allowed, appeals.— *Affirmed.*

*Shangle & Gordon,* for appellant.

*Norris & Norris,* for appellees.

WEAVER, J.— The plaintiff is an alleged building· and loan association, and on April 1, 1896, it issued to the defendant James W. Bailey five shares of stock, of $100 each, payable in monthly installments after the manner usual with such associations. On September 1, 1896, defendant received from plaintiff a loan of $300, securing the same in the usual manner by pledging three of said shares of stock and by the mortgage here in controversy. The effect of the agreement was that the loan should be paid according to the plan of such associations by maturing said shares of stock, but by a stipulation entered into after this suit was begun the entire five shares were to be treated by the trial court as having been pledged, and defendant was to be credited therefor accordingly in computing the remainder due to the plaintiff. The defendant continued to make payments, which plaintiff distributed among its several funds until the total of such payments was $326. According to plaintiff's computation, after applying this $326 in the manner provided by the contract, there was still due on said loan at the date of the trial below, November 23, 1903, the sum of $271.17, a net reduction of $28.83 from the principal of the loan. On the trial the plaintiff voluntarily reduced its demand for judgment to $200. By the defendant's computation the balance then due was something less than $100. The amount allowed by the court was $102.42.

There is much doubt whether the record presented is one which authorizes us to hear the case *de novo,* in that it does not appear, either affirmatively or by necessary impli-

cation, that the record of the evidence was preserved, as provided by law, by proper certificate made and filed with the clerk of the trial court within six months after the entry of the decree. The only statement with reference to this matter in the abstracts is as follows: " Certificate of John T. Scott, Judge, and T. J. Bray, filed in due form to shorthand notes and transcript of evidence." It is nowhere stated when or where the certificates were filed or that " T. J. Bray " has any official character or relation to the record.

*1. APPEAL: preservation of evidence.*

The failure of the appellee to make specific denial of appellant's abstract operates, no doubt, under the rules, as a concession that we have before us everything which was made of record in the case; but we think it cannot be construed as an admission that all the evidence was in fact made of record by being duly certified and filed within the statutory limit of time. We might be disposed to ignore this objection, were it not for the fact that the abstracts are of such fragmentary· and unsatisfactory character as to afford no sufficient basis for review of the decree appealed from. While counsel for appellant states what he asserts was the rule of computation adopted by the trial court, the record does not disclose the fact. Quite a large item of the balance which appellant claims to be unpaid consists of fines, the correctness of which is denied, and in support of which no competent evidence is shown.

*2. APPEAL: failure to deny abstract: effect.*

In March, before this action was begun in October, 1903, appellant placed its demand at $133, with interest at 6 per cent. from September, 1901, but now computes it at nearly $300, while asking judgment for $200. From the evidence shown we may infer that at least two monthly payments were exacted in advance, thus materially reducing the net amount actually received by appellees upon the loan of $300 — a fact which must be taken into consideration under the rule

*3. BUILDING AND LOAN ASSOCIATIONS: loans.*

of Code, sec. 1898, and *Loan Co. v. Matthews,* 126 Iowa, 743.

It is possible, also, that the trial court found that from the time appellees announced to appellant their desire to cease further payment of monthly payments and to take up

4. FORECLOSURE: amount due: evidence.

their mortgage, and negotiations were begun to ascertain the amount unpaid, it would be equitable to compute the amount to that date, with ordinary interest thenceforth to date of trial. See *Kleimeir v. B. & L.,* 24 Ky. Law Rep., 735, (70 S. W. Rep. 41), and *Loan Co. v. Ecklar* (Ky.), 50 S. W. Rep. 50. Indeed, the record is indefinite enough to leave room for many explanations of the result reached by the trial court, any one of which could well be upheld under the statute and the rules of computations adopted in former decisions. When it appears, as it does according to the appellant's claim, that after applying six years' monthly payments upon $500 of stock, and all its share of profit from six years of a business based on a plan of two to three times ordinary legal interest rates, the principal of a loan of $300 is reduced by less than $30, a court of equity is justified in holding the party demanding the enforcement of such a result to a clear and explicit showing of its right thereto. Such showing is not here made, and we cannot disturb the finding of the trial court.

Counsel for appellant go outside of the record to charge the judge of the trial court with " freely and publicly admitting his prejudice against building and loan

5. PREJUDICE OF TRIAL COURT: review.

associations." As the judge of trial court is not in position to answer or repel attacks of this kind made upon him in another tribunal, common fairness, to say nothing of other manifest reasons, should be sufficient to insure his immunity against them at the hands of members of the bar; and we have no doubt, when counsel have taken time for reflections, they will cheerfully vindicate their claim to professional propriety by an

adequate apology.   It may also be remarked that, even if it were demonstrable that a feeling of prejudice did find lodgment in the judicial mind, there is nothing in the record before us to disprove the truth of Oliver Goldsmith's conceit that a human failing may " lean to virtue's side."

The decree of the district court is *affirmed.*